[S. F. No. 10291.   In Bank.—January 8, 1923.]

J. R. KING et al., Petitioners, v. RAILROAD COMMIS-SION OF THE STATE OF CALIFORNIA, Re-spondent.

[1] WATERS AND WATER RIGHTS—BUTTE COUNTY CANAL COMPANY—WATER RATES OF CONTRACT HOLDERS—REGULATION BY RAILROAD COMMISSION—PUBLIC UTILITY.—The Butte County Canal Company was organized as and has always been a public utility supplying water for irrigation in the counties of Butte and Sutter, and the water rates of the contract holders of such company are, as to the rates for water provided for in their contracts, subject to the control and regulation of the Railroad Commission.

[2] ID.—OWNERSHIP OF RIPARIAN RIGHTS—EFFECT OF.—The power of the Railroad Commission to regulate the water rates of certain con-tract holders of the Butte County Canal Company is not affected by reason of the fact that such holders were riparian owners at the time they entered into the contracts, where no reference is made therein to riparian rights and the same are in nowise inter-fered with.

APPLICATION for a Writ of Certiorari to review an order of the Railroad Commission increasing water rates. Denied.

The facts are stated in the opinion of the court.

King & King for Petitioners.

Hugh Gordon, William W. Clary and Carl I. Wheat for Respondent.

F. S. Brittain for Live Oak Water Users' Association et al.

Devlin & Brookman and Henry Ingram for Sutter-Butte Canal Company.

THE COURT.—This is an application by way of writ of review to this court for an order reviewing and annulling an order of the Railroad Commission made and entered on April 26, 1922, increasing the rates for water to be paid by these petitioners to Sutter-Butte Canal Company for the service of water for irrigation supplied to the lands of these petitioners by said canal company.

The petitioners herein are the holders of contracts with the said Sutter-Butte Canal Company or its predecessors in the appropriation and supply of water for purposes of irrigation to the region in which the respective holdings of these petitioners are located. The petitioners King and Room set forth in substance in their said application that in the year 1905 they became the purchasers, respectively, from a certain corporation known as the California Irrigated Land Company, of certain described tracts of land in a certain colony known as Gridley Colony No. 2, in Butte County, which corporation was then the holder, as a subsidiary corporation, of the Butte County Canal Company, of a contract with said Butte County Canal Company, which provided that the Butte County Land Company would furnish water for irrigation to the lands in said colony in an amount to be required, not exceeding one cubic foot per second for each 160 acres, for which said land company agreed to pay to said water company annually at the rate of $1 per acre; that said water right thus created was to be appurtenant to the land upon which the water furnished thereunder was delivered and that the said water charges, if unpaid, were to be a lien upon such land.

As to the applicants J. P. Hopkins and Hazel S. Hopkins, the application herein shows that in the year 1905 they were, and have since been, the owners of certain lots and parcels of land in certain other larger tracts in Butte County, which tracts were entitled, by virtue of location, to certain riparian rights in the waters of the Feather River, to a portion or share in which these particular applicants had a vested interest. They then allege and show that in that year they

entered into a certain contract with the said Butte County Canal Company by which, for a consideration of $2,610 in money paid by them to the said canal company and of the grant of a right of way for a main canal across their said lands, they received from said canal company a contract for the delivery of water on their said lands at the annual rate of $1 per acre, which said contract was otherwise in substantially the same form as that in which the applicants King and Room had acquired a beneficial interest by virtue of their purchases of their holdings in the Gridley Colony No. 2.

The applicant Gibson herein was a purchaser of a certain portion of their said holdings from Hopkins and claims to have succeeded thereby to an interest in the latter's riparian rights in said river and also to the interest in his said water rights contract appurtenant to the lands he had acquired.

The petitioners further allege that the Sutter-Butte Canal Company, as the successor of the Butte County Canal Company, presented an application before the Railroad Commission in the early part of the year 1922 for a general increase in their water rates applicable to all of their consumers; that the petitioners herein were parties to said proceeding and appeared therein protesting against such increase in water rates and setting forth in their pleadings filed before the Commission in furtherance of such protests that they and each of them were the holders of vested contract rights by virtue of their said contract with the Butte County Canal Company, which the Railroad Commission had no jurisdiction to change or modify by any increase in the water rates provided for in such contracts. The protestants Hopkins and Gibson further protested against any such increase in water rates upon the ground that their particular contracts with the Butte County Canal Company related to the delivery to their lands of the waters of the Feather River, in which they had riparian rights, and that by said contracts the said canal company had agreed to divert and deliver to them from said river the water in which they had such riparian rights, at rates which the Railroad Commission had no jurisdiction to alter or increase. The Railroad Commission, upon the hearing upon the said application of the Sutter-Butte Canal Company and the opposition thereto filed by these petitioners, overruled their said objections and

proceeded by its order made and entered on April 26, 1922, to grant the application of said canal company for a general increase in its water rates. After the denial of a petition for a rehearing on the part of these petitioners, the present application for a writ of review was presented by them to this court.

[1] Upon the hearing upon said application and in the briefs of the applicants filed in support thereof, these petitioners as a whole contend that at the time their respective water rights contracts were entered into the Butte County Canal Company was not a public utility in so far as their water rights were concerned, and hence, that their respective contract rights, and particularly the specific water rates provided for therein, were not subject to the regulation and control of the Railroad Commission. This contention presents the first question for review. In dealing with this question we do not regard it as necessary to repeat or rehearse in this opinion what was said by this court upon an almost identical state of facts in the case of *Butte County Water Users Assn.* v. *Railroad Commission*, 185 Cal. 218 [196 Pac. 265]. It may be true that the petitioners herein were not parties to that proceeding, but practically every fact attending the history of the Butte County Canal Company from the inception of its project to supply water to the region wherein the lands of these petitioners lie was presented to this court in that proceeding, and this court upon those facts as thus presented held that said canal company was organized as and has always been a public utility supplying water for irrigation in the counties of Butte and Sutter. Furthermore, the same facts which were embraced in the record before this court in that proceeding were presented in evidence before the Railroad Commission in the proceeding before that body, to which these petitioners were parties, and which they now seek to have reviewed, and the Commission, upon such presentation and on the authority of the decision of this court above referred to, held that the Butte County Canal Company had been from its inception a public utility, and that these petitioners, in receiving their respective contracts for the service of water upon their respective parcels of land had dealt with the said Butte County Canal Company in its already acquired capacity of a public utility and hence that the water rates of the contract holders

of said canal company, including those of these petitioners, were subject, as to the rates for water provided for therein, to the control and regulation of the Railroad Commission. In our opinion, therefore, this question is conclusively determined, in so far as these petitioners are concerned, adversely to their present contention. These petitioners have relied, in making said contention, upon an alleged identity in the facts surrounding their acquisition of whatever rights they claim under these said contracts with those considered by this court in deciding the case of *Allen* v. *Railroad Commission,* 179 Cal. 68 [3 A. L. R. 249, 175 Pac. 466], but the facts as found by the Railroad Commission in the proceeding now under review do not in certain essential particulars sustain their said contention, since in the Allen case the contracts which the petitioners therein asserted were made while that company was a private concern as to the water they disposed of. That company was not a public utility at all, except as to a small quantity of water devoted to the use of a small village. The water it dealt in with the other users had never been dedicated to public use. **[2]** The conclusion we thus arrive at disposes of every contention of the petitioners in this proceeding except the claim urged by the petitioners Hopkins and Gibson that their contracts were peculiar in the respect that at the time they were entered into Hopkins was owner of riparian rights in the Feather River, from which the Butte County Land Company derived, by appropriation, the water which it proposed to distribute, and, hence, that contracting with Hopkins to serve his lands with water the said canal company was engaging to furnish him with his own water through its system upon terms which the Railroad Commission had no authority to change. There is no merit in this contention. The contract of Hopkins with the Butte County Canal Company makes no reference to any riparian water rights owned or held by Hopkins and does not purport to deliver to him any of the waters of said river covered by his alleged riparian rights. It is in the usual form of the other contracts which said public utility entered into with its customers at or about the same time, and only purports to deliver to him a certain annual supply of the water which said canal company had acquired by appropriation, which in nowise interfered with whatever riparian rights Hopkins had in the waters of said river.

Whatever rights he thus had he and his successor in interest, Gibson, still have, unaffected by said contracts or by the action of the Railroad Commission in attempting an increase in the water rates provided for therein.

We do not deem it necessary to deal with the other question presented by the respondents herein as to the effect of an earlier order of the commission increasing the water rates of these petitioners, in which they are asserted to have concurred by the payment of the rates provided therein so as to estop them from asserting in the present proceeding that the canal company dealt with them, in entering into said contracts, otherwise than as a public utility.

The application is denied.

Shaw, C. J., Lawlor, J., Wilbur, J., Lennon, J., and Waste, J., concurred.